**BATHAN v. UNITED STATES et al.**

No. 5839.

United States Court of Appeals
Fourth Circuit.

April 4, 1949.

Isidor Roman and Edgar Paul Boyko, both of Baltimore, Md. (Jacob J. Edelman and Alexander Stark, both of Baltimore, Md., on the brief), for appellant and appellee and cross-appellant.

Onan A. Hydrick, Atty., Department of Justice, of Washington, D. C. (Bernard J. Flynn, U. S. Atty., and C. Ross McKenrick, Asst. U. S. Atty., both of Baltimore, Md., H. G. Morison, Asst. Atty. Gen., and D. Vance Swann, Atty. Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a decree dismissing a libel in admiralty instituted to recover against the United States as insurer on a crew life insurance policy. The appellant is Gladys Bathan, who claims to be the beneficiary named by one Simon Salde, a seaman on the S. S. Steel Navigator, who lost his life when that vessel was torpedoed and sunk in the North Atlantic on October 19, 1942.

The facts are that Salde was a Filipino who with his cousin, one Bernabe Bathan, who also lost his life when the vessel was sunk, signed on the Steel Navigator before a Shipping Commissioner in Baltimore, Maryland, on August 19, 1942. Gladys Bathan, the common law wife of Bernabe Bathan and a long time friend of Salde, was named by the latter as his friend in lieu of next of kin when he signed the shipping articles before the Commissioner. She was named also as beneficiary in the certificate distributed to the seamen by the officers of the vessel for listing their personal effects and the beneficiaries of their crew insurance. The trial judge has found, and we think correctly, that the handwriting on this certificate, including the signature of Salde, is that of Bernabe Bathan; and from that and the fact that Gladys Bathan was the common law wife of Bernabe, he has concluded that the naming of Gladys Bathan as beneficiary was the result of fraud or undue influence. In this conclusion we think there was error.

The standard policy form of the War Shipping Administration under which the crew insurance here involved was effected provides: "The appearance of the name of such a beneficiary upon a copy of the signed beneficiary list or individual beneficiary designation, attested by the shipowner, shall be conclusive evidence of such designation and payment to such named beneficiary shall thereby entirely discharge Assurer's liability with respect to such loss."

There can be no question but that certificate naming Gladys Bathan as beneficiary of Salde was attested in accordance with

the foregoing provision. The certificate was placed in Salde's hands by an officer of the vessel with instructions that it be filled out, and was collected by an officer whose duty it was to check the entries and see if they were correctly made. It was then turned over to the master of the vessel, and bears his signature. It was later submitted to the United States Shipping Commissioner at Norfolk, Virginia, and was authenticated by his signature and seal of office. It was thereupon sent to the owner of the vessel, the Isthmian Steamship Company, and was kept by it and produced along with other beneficiary certificates after the loss of the vessel. Surely this was a sufficient attestation of the certificate by the owner of the vessel to bring it within the coverage of the policy. The certificate was at least presumptively valid and a sufficient designation of Gladys Bathan as beneficiary of Salde's insurance, unless set aside on the ground of forgery or fraud.

 We find nothing in the record to support a finding of forgery or fraud. It is elementary that, in the absence of a fiduciary relationship, fraud is not presumed but must be established,* and there is nothing in the evidence here to establish it. The fact that the handwriting on the certificate is that of Bathan and not Salde does not, under the circumstances here, even tend to establish fraud. There is evidence that seamen frequently have their certificates filled out for them by others and that, while Salde could sign his name, he could not read or write the English language. It would have been natural for him to call on his cousin, Bernabe Bathan, to fill out the certificate for him, and the fact that the blank certificates were given out by an officer of the vessel, and were carefully checked over by an officer when taken up, renders improbable the perpetration of forgery, undue influence or other fraud.

No presumption of fraud or forgery can be drawn from the fact that the beneficiary of the certificate was the common law wife of the man who filled it out for Salde or that a certificate executed at the time of an earlier voyage had named Dolores Salde as his wife and as the beneficiary in the former certificate. There is evidence that in the meantime Salde had stated that he believed his wife and other relatives to have been killed by the Japanese; and Gladys Bathan was a friend at whose house he stayed when in Baltimore and who had loaned him money on a number of occasions. It is most significant that she was the person whom he named as friend in lieu of next of kin when signing the shipping articles before the Shipping Commissioner. On the former occasion Dolores Salde had been named in the shipping articles as well as in the beneficiary list. This time Gladys Bathan was named in both. That Bernabe Bathan would commit forgery or perpetrate a fraud upon his cousin and friend, merely that his common law wife might have the latter's insurance in case of death, is no more than a suspicion at the best. It ceases to be even a reasonable suspicion when the fact is remembered, of which there can be not the least doubt, that Salde himself designated her as his friend in lieu of next of kin before the Shipping Commissioner.

Both Salde and Bathan with most of their shipmates are dead and the facts surrounding the filling in of the certificate can never be known. It is known, however, not only that appellant was named in the certificate, but that the certificate was accepted and filed by the officers of the vessel as a valid designation. There is nothing in the evidence upon which to base a conclusion of forgery, fraud or undue influence, or even that Bathan was the kind of man who would be guilty of conduct of that sort. Whether or not Gladys Bathan is actuated by greed in attempting to collect the insurance seems beside the point. The question is whether she was designated as beneficiary in the certificate. We see no reasonable basis upon which that question can be answered in the negative.

Reversed.

---

* See Wigmore on Evidence 2d Ed., vol. 5, p. 473; Maxwell Land Grant Case (United States v. Maxwell Land-Grant Co.) 121 U.S. 325, 7 S.Ct. 1015, 30 L.Ed. 949; Lalone v. United States, 164 U.S. 255, 17 S.Ct. 74, 41 L.Ed. 425; United States v. American Bell Telephone Co., 167 U.S. 224, 17 S.Ct. 809, 42 L.Ed. 144.